UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DOUGLAS T. MURPHY,

      Plaintiff,

      v.                           Case No. 24-cv-0379-bhl

MILWAUKEE SECURE DETENTION FACILITY
SECURITY STAFF,
H. PAULSEN,
LARITA SKINNER,
LAKINGDRIA SKINNER,
ULLISA HENRY,
JOHN DOE, and
JANE DOE,

      Defendants.

---

## SCREENING ORDER

---

    Plaintiff Douglas T. Murphy, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility (MSDF) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Murphy's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Murphy has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Murphy has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an

initial partial filing fee of $11.56. Murphy's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Murphy, on November 8, 2023, he left MSDF to attend a court hearing in federal court. Defendants H. Paulsen and Larita Skinner were supposed to pack his property, but they failed to follow procedures. Murphy asserts that upon his return to MSDF on November 17, 2023, he was placed in temporary lock up because contraband had been found in his room. Defendant Ullisa Henry, under the supervision of Lakingdria Skinner and Paulsen, performed a search of his room. Murphy states that Henry failed to properly pack and inventory his property, which included state and federal legal materials that he needed for an upcoming jury trial. Murphy states that, while he was in the restricted housing unit, he was denied access to his legal work, his religious materials, hygiene products, pictures, and mailing envelopes. He states that he wrote many requests to MSDF supervisory staff requesting access to his legal materials, but no one responded to his requests. Murphy states that he was also denied access to the law library, even though he needed to prepare for his jury trial. Dkt. No. 1 at 2-3.

On November 27, 2023, Murphy left MSDF for his jury trial. He states that he asked about his legal paperwork but was informed that no one knew where his property was and that it might be lost. Murphy asserts that he had to go to trial without his legal paperwork, which included drafted motions, prepared arguments, case law, and discovery. According to Murphy, he lost his jury trial because he did not have his most essential tools for his defense. He states that he returned to MSDF on December 21, 2023. Staff still was unable to locate his property. According to

Murphy, although his inmate complaint about staff misplacing his property was dismissed, the corrections complaint examiner affirmed his appeal on that issue. Dkt. No. 1 at 3-4.

THE COURT'S ANALYSIS

Murphy seeks to state a First Amendment access-to-the-courts claim against Defendants based on allegations that they lost his legal materials and refused to let him access the law library, which resulted in him losing a jury trial in the case of *U.S. v. Murphy*, Case No. 23-cr-147 (E.D. Wis.). Murphy fails to state such a claim because, according to publicly available court records, Murphy was represented by counsel in his criminal case and "access to legal materials is required only for unrepresented litigants." *Wise v. Kaiser*, 371 F. App'x 673, 674 (7th Cir. 2010) (citing *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007)); *see also U.S. v. Murphy*, Case No. 23-cr-147 (E.D. Wis.), Dkt. No. 33 (showing Murphy was represented by Attorney Lee D. Schuchart during his jury trial). It has long been held that a prisoner who is represented by counsel enjoys meaningful access to the courts, so nothing more than that is required. *See Wise*, 371 Fed. App'x at 674; *Campbell*, 481 F.3d at 968.

Murphy also fails to state a due process claim based on the loss and/or destruction of his property. "[N]egligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable . . . ." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("negligent conduct by a state official does not implicate the Due Process Clause"). And, even assuming Defendants intentionally lost or destroyed Murphy's legal materials (and Murphy makes no such allegation), "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.* Wisconsin's post-deprivation

4

remedies have long been recognized as adequate for redressing missing property. *See Greeno v. Litscher*, 13 F. App'x 370, 376-77 (7th Cir. 2001) (citing Wis. Stat. §§893.35 and 893.51).

Finally, Murphy does not state a claim under the Eighth Amendment, which ensures prisoners are not subjected to "cruel and unusual punishments." *Estelle v. Gamble*, 429 U.S. 97 (1976). According to Murphy, Defendants lost his property because they were careless and failed to comply with institution policies regarding the packing and storing of inmate property. But allegations of negligence are insufficient to establish a violation of the Eighth Amendment. *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017).

The Seventh Circuit has instructed that a pro se plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022). Accordingly, if Murphy believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **May 20, 2024**. If Murphy cannot cure the deficiencies in the original complaint, he need not take any further action. Murphy is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Murphy's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Murphy's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **May 20, 2024**, Murphy may file an amended complaint if he believes he can cure the defects in the original complaint as described in

this decision. If Murphy does not file an amended complaint by the deadline, the Court will dismiss this action based on his failure to state a claim in the original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Murphy a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Murphy shall collect from his institution trust account the $338.44 balance of the filing fee by collecting monthly payments from Murphy's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Murphy is transferred to another institution, the transferring institution shall forward a copy of this Order along with Murphy's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Murphy is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

        Office of the Clerk
        United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Murphy is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on April 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge