UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOUGLAS T. MURPHY,

        Plaintiff,

        v.                                          Case No. 24-cv-0379-bhl

MILWAUKEE SECURE DETENTION FACILITY
SECURITY STAFF,
H. PAULSEN,
LARITA SKINNER,
LAKINGDRIA SKINNER,
ULLISA HENRY,
JOHN DOE, and
JANE DOE,

        Defendants.

## SCREENING ORDER

Plaintiff Douglas T. Murphy, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On April 19, 2024, the Court screened the complaint and gave Murphy the opportunity to file an amended complaint, which he did on May 22, 2024. This matter comes before the Court to screen the amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In

screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in the amended complaint are largely the same as the allegations in the original complaint. According to Murphy, a shank was discovered in his cell during a cell search on November 17, 2023. Murphy alleges that officials used excessive force when they destroyed his property. He also asserts that they destroyed his property to retaliate against him because of the shank. Murphy alleges that H. Paulsen and other officials compounded his injury by failing to properly document the destruction of his property. He states that he and his cellmate were placed in temporary lockup where he complained about his lost property to no avail. He states that his initial grievances were denied and that he was inadequately reimbursed for the lost property.

## THE COURT'S ANALYSIS

As explained in the original screening order, Murphy fails to state a due process claim based on the loss and/or destruction of his property. "[N]egligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable . . . ." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("negligent conduct by a state official does not implicate the Due Process Clause"). And, even assuming Defendants intentionally destroyed Murphy's property as he now suggests,

"an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.* Wisconsin's postdeprivation remedies have long been recognized as adequate for redressing missing property. *See Greeno v. Litscher*, 13 F. App'x 370, 376-77 (7th Cir. 2001) (citing Wis. Stat. §§893.35 and 893.51). Accordingly, if Murphy so desires, he may pursue a state law claim in state court in connection with the alleged intentional destruction of his property, but he may not proceed on a constitutional claim in federal court.

Nor does Murphy state an excessive force claim under the Eighth Amendment based on allegations that Defendants destroyed his property. The Eighth Amendment protects prisoners from the application of force that is used for the very purpose of causing harm. *See Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004). The Fourteenth Amendment, on the other hand, guarantees that prisoners are not deprived of their property without due process of law. But, as explained above, Murphy does not state a claim under the Fourteenth Amendment because Wisconsin provides adequate postdeprivation remedies for the loss of his property. *See also Lewis v. Young*, 162 Wis.2d 574, 580-81 (Wis. App. 1991).

Murphy also does not state a retaliation claim based on allegations that officers destroyed his property because they found a shank in his cell. To plead a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v.*

*Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Murphy fails to satisfy the first prong because the possession of a shank is not a protected activity under the First Amendment.

Finally, Murphy does not state a claim based on allegations that his initial inmate complaints about the destruction of his property were denied. As the Seventh Circuit has long held, "[o]nly persons who cause or participate in the violations are responsible [and] [r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Thus, an official "who rejects an administrative complaint about a completed act of misconduct does not" violate the Constitution. *Id.* at 610.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.